**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

SPECIALTY CHEESE COMPANY, INC.,

Plaintiff,

v. Case No. 07-CV-970

UNIVERSAL FOOD AND DAIRY PRODUCTS, INC.,

Defendant.

---

## ORDER

Plaintiff, Specialty Cheese Company, Inc. ("Specialty Cheese"), originally filed this action in Dodge County Circuit Court on October 8, 2007. In its complaint, Specialty Cheese alleges defendant Universal Food and Dairy Products, Inc. ("Universal") is in breach of a contractual agreement between the parties. On October 31, 2007, Universal removed the action based upon diversity jurisdiction, and on November 6, 2007, Specialty Cheese filed a motion to remand pursuant to 28 U.S.C. § 1447. Specialty Cheese states that a forum selection clause in the contract that is the subject of this case requires the suit to be brought in a court of competent jurisdiction located in Dodge County, Wisconsin. Universal contends that it did not waive its right to remove this action to federal court by signing the contract. For the reasons stated below, the court is obliged to grant Specialty Cheese's motion and to remand the case back to the Dodge County Circuit Court from which it was removed.

Specialty Cheese, a Wisconsin corporation, produces cheese products for Universal, a cheese distributor based in Florida, using Universal's trademarked

brands. As of October 11, 2006, Universal had defaulted on an open account payable with Specialty Cheese in the sum of $596,754.69. (Scharfman Aff. ¶ 2.) On October 11, 2006, the parties entered into a forbearance and security agreement providing, among other things, Universal would make payments to Specialty Cheese and Specialty Cheese would forbear taking action against Universal and continue to produce products for Universal. (Compl. Ex. A.) Pursuant to paragraph 10.3 of the parties' agreement, any lawsuit pertaining to the agreement must be brought in the Circuit Court for Dodge County, Wisconsin. Specifically, the agreement provides as follows:

> 10.3 Applicable Law and Consent to Jurisdiction. The performance and construction of this Agreement and obligations under the Open Account shall be governed by the internal laws of the State of Wisconsin, Customer [Universal] agrees that any suit, action or proceeding instituted by or against Debtor [Universal] with respect to any of the obligations, the Collateral, this Agreement may only be brought in a court of competent jurisdiction located in Dodge County in the State of Wisconsin.

(Compl. Ex. A ¶ 10.3.) Specialty Cheese argues that this clause requires the court to remand the case back to the Dodge County Circuit Court from which it was removed.

It is well settled that forum selection clauses are prima facie valid and should be enforced absent a showing that enforcement would be unjust or unreasonable. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Universal agrees that paragraph 10.3 of the parties' agreement requires any suit regarding the agreement to be "brought" in Dodge County Circuit Court, but Universal contends that the

agreement does not waive the right to remove the case from state to federal court after the case has been "brought" in Dodge County Circuit Court.

Universal notes that the forum selection clause in the parties' agreement does not specifically state that Universal waived the right to removal. Universal argues that any waiver of its right to removal must be "clear and unequivocal," and because there is no such waiver in the parties' agreement, then Universal should be permitted to remove the case to federal court. (Def.'s Resp. Br. 4.) In support of this position, Universal cites to *Regis Associates v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193 (6th Cir. 1990) where the court held that "[a]lthough the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal." *Id.* at 195; *see also Newly Weds Foods, Inc. v. A. M. Todd Group, Inc.*, 2004 U.S. Dist. LEXIS 2375 (N.D. Ill. 2004) (holding that the waiver of a defendant's right to removal "must be clear and unequivocal."); *Beissbarth USA, Inc. v. KW Prods.*, 2005 U.S. Dist. LEXIS 1329 (N.D. Ill. 2005) (same); *Oberweis Dairy, Inc. v. Maplehurst Farms, Inc.*, 1989 U.S. Dist. LEXIS 253, 1989 WL 2078 (N.D. Ill. 1989) (same). Universal also cites to *Cruthis v. Metro Life Ins. Co.*, 356 F.3d 816 (7th Cir. 2004), where the court stated that "the right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum." *Id.* at 819. Finally, Universal cites to *Newman/Haas Racing v. Unelko Corp.*, 813 F. Supp. 1345 (N.D. Ill. 1993). However, in *Newman/Haas Racing*, the court specifically stated that it "need not decide what standard should govern the interpretation of the forum selection clause . . ." *Id.* at 1347 n.2.

As noted above, Universal suggests that the forum selection clause in the parties' agreement should be interpreted to mean that any suit between the parties must be commenced in Dodge County Circuit Court, but could then be removed to federal court. Specialty Cheese suggests that the clause should be interpreted to mean that the parties agreed to litigate any suit between them in Dodge County Circuit Court, and no other court, including federal court after removal, is permissible under the parties' agreement. Although the forum selection clause is open to more than one interpretation, the court concludes that Specialty Cheese's interpretation is the more plausible construction of the clause for the following reasons.

First, it is undisputed that if Universal were to file a counterclaim, under the parties' agreement, the counterclaim would have to be filed in Dodge County Circuit Court. Therefore, under Universal's interpretation, Specialty Cheese would be required to litigate its claim in federal court after removal, and Universal would be required to litigate its counterclaim in Dodge County Circuit Court. Adopting Universal's interpretation of the clause could create a problematic "bifurcation of litigation." *See, e.g., Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.*, 838 F.2d 656, 659 (2nd Cir. 1988) (holding that a forum selection clause providing that any suit must be "commenced" in state court precluded removal to federal court because if removal were permitted, the defendant's counterclaims would have to be filed in state court and that "kind of bifurcation of litigation seems plainly at odds with the obvious purpose of the forum-selection clause, as well as with the purpose of Fed. R. Civ. P. 13(a).").

Second, unlike the clauses in the cases cited by Universal, the parties' forum selection clause does not mention federal court as a possible venue. Indeed, the forum selection clauses at issue in the cases cited by Universal substantially differ from the clause at issue here. For example, in *Newman/Haas Racing*, the forum selection clause specifically stated that the parties consented "to venue and jurisdiction of the Federal and State courts located in Lake and/or Cook County, Illinois." *Newman/Haas Racing*, 813 F. Supp. at 1347. In *Newly Weds Foods, Inc.* and in *Beissbarth USA, Inc.*, the parties also specifically consented to the jurisdiction of the state and federal courts within a geographic region. *Newly Weds Foods, Inc.*, 2004 U.S. Dist. LEXIS 2375; *Beissbarth USA, Inc.*, 2005 U.S. Dist. LEXIS 1329. And in *Regis Associates,* the parties agreed to "submit to the jurisdiction of the Michigan Courts," without specifying whether or not the case could be brought in federal or state court in Michigan. *Regis Associates*, 894 F.2d at 194. The forum selection clause in the instant action, however, specifically states that any suit must be brought in Dodge County and it does not state that the parties consent to the jurisdiction of the federal courts. Notably, there is no federal court located in Dodge County. Finally, in *Cruthis*, the Seventh Circuit dealt with a different issue and held that the phrase "you may file suit in a state or federal court" is a statutorily required disclosure of an employee's ERISA rights, not a forum selection clause. *Cruthis*, 356 F.3d at 819.

Third, Universal cites no binding authority providing that any waiver of its right to removal must be "clear and unequivocal." Indeed, under prevailing circuit law, "[t]he removal statute should be construed narrowly and any doubts about the propriety of

removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000). Finally, as noted by Specialty Cheese, other circuits have rejected the "clear and unequivocal" standard. *See, e.g., Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1218 n.15 (3rd Cir. 1991) ("The 'clear and unequivocal' standard . . . fails to consider the *constrictive* rather than *expansive* nature of the right of removal, in addition to serving no meritorious policy of litigation.") (emphasis in original); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260-61 (11th Cir. 1999) ("We need not decide whether the clause rises to the level of a clear and unequivocal waiver because we do not agree that such a high standard is required or desirable.").

In sum, the court concludes that the most plausible construction of the parties' agreement, that any suit be "brought in a court of competent jurisdiction located in Dodge County in the State of Wisconsin" (Compl. Ex. A ¶ 10.3), is that the parties agreed to litigate any suit between them in Dodge County Circuit Court. Universal has not shown that enforcement would be unjust or unreasonable, and, as such, the court concludes that the parties' forum selection clause is valid and should be enforced. *See Bremen*, 407 U.S. at 15. In light of the foregoing, the court will grant Specialty Cheese's motion to remand.

Specialty Cheese requests an award of its costs and attorney's fees it incurred in connection with its motion to remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* Given that the forum

selection clause is open to more than one interpretation, the court is unable to conclude that "the removing party lacked an objectively reasonable basis for seeking removal," and thus, the court will not award fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Finally, in light of the court's decision to remand this action, the court will deny as moot Universal's motion for an extension of time to file its answer and Specialty Cheese's motion for default judgment.

Accordingly,

**IT IS ORDERED** that the defendant's motion for an extension of time to file its answer (Docket #2) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment (Docket #16) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the plaintiff's motion to remand pursuant to 28 U.S.C. § 1447 (Docket #6) be and the same is hereby **GRANTED**.

The clerk of court is directed to take all appropriate and necessary steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge